UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DR. MARK W. STURDY d/b/a ROCHESTER VETERINARY CLINIC on behalf of itself and a class, <br><br> Plaintiff, <br> v. <br><br> MEDTRAK EDUCATIONAL SERVICES LLC, et al. <br><br> Defendants. | Case No. 13-CV-3350 |

## OPINION

On October 8, 2013, Plaintiff, Dr. Mark W. Sturdy, filed his Complaint (#1) against Defendants, Medtrak Educational Services LLC (Medtrak); Zoetis LLC; Zoetis Inc., f/k/a Pfizer Animal Health; Zoetis Products (collectively, the Zoeits Defendants); and John Does 1-10. On that same date, Plaintiff filed a Motion to Certify Class (#3). This court has carefully and thoroughly reviewed the arguments and documents provided regarding Plaintiff's motion. After this review, this court concludes that Plaintiff's Motion to Certify Class (#3) should be DENIED.

BACKGROUND

On April 7, 2011, Plaintiff received an unsolicited fax message from Medtrak that advertised products sold by the Zoetis Defendants. Plaintiff alleges that the fax was part of an advertising campaign, and therefore, it is reasonable to infer that the fax was sent to more than 20-40 people.

After receiving the unsolicited fax advertisement, Plaintiff filed a Complaint (#1) on behalf of himself and a putative class. The complaint contained five counts: Count I, a claim under the Telephone Consumer Protection Act, 42 U.S.C. § 227; Count II, a claim under the

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2; and Counts III-V, Illinois common law claims for conversion, private nuisance, and trespass to chattels.

INSTANT MOTION

Plaintiff filed his Motion to Certify Class (#3) and Memorandum in Support (#4) on October 8, 2013. Attached to the filings was a copy of a fax Plaintiff allegedly received from Defendants, marked as "Exhibit A". In his motion and memorandum in support, Plaintiff attempts to join three different classes:

1. (a) all persons (b) who, on or after a date four years prior to the filing of this action, (c) were sent faxes in the form represented by Exhibit A.

2. (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, (c) were sent faxes in the form represented by Exhibit A.

3. (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes in the form represented by Exhibit A.

Plaintiff states, in his Memorandum in Support (#4), that he does not know the size of any of the above classes. However, Plaintiff claims that it would make "no economic sense" for Defendants "to prepare and send such a fax unless it is sent to more than 40 people."

ANALYSIS

The Supreme Court recently reaffirmed that a class action suit is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011) (citation omitted). In order to justify a departure from that rule, the party seeking class certification must first meet the four

requirements of Federal Rule of Civil Procedure 23(a)(1)-(4): numerosity; commonality; typicality; and adequate representation. See also *Dukes*, 131 S.Ct. At 2550. If those requirements are met, Rule 23(b)(3) states that class certification is appropriate if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

In order to meet the first requirement of Rule 23(a), numerosity, the court must be convinced that the class is "so numerous that joinder of all members is impracticable." Rule 23(a)(1). While there is no definite number of members that makes joinder impracticable, the Seventh Circuit has found that as few as 40 class members may be sufficient to satisfy the numerosity requirement. See *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members is a sufficiently large group to satisfy Rule 23(a) where the individual members of the class are widely scattered and their holdings are too small to warrant undertaking individual action).

Plaintiff admits that he does not know the exact number of class members in this case, but estimates the number to be greater than 40. Courts have found that "a class action may proceed upon estimates as to the size of the proposed class." See *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). However, although "plaintiffs are not required to specify the exact number of persons in the class," they "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." *Marcial v. Coronet Ins. Co.*, 880 F.2d 954 (7th Cir. 1989). In his brief, Plaintiff states that this court should infer that the offending fax was sent to more than 40 people because "it would make no economic sense to prepare and send such a fax unless it is sent to more than 40 people." Plaintiff

offers no reason why he chose a class of at least 40 members or why it would not make economic sense to send the fax to fewer recipients. This court believes that Plaintiff's calculation of classes greater than 40 members based upon the above reasoning is speculative and not "properly supported." See *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 300 (N.D.Ill. 2010).

Another problem Plaintiff has with meeting the numerosity requirement is that he has not established any way to ascertain the class members. In his brief, Plaintiff claims that he will obtain the exact number of class members through discovery. However, Plaintiff has not established, and the record does not contain any reference to how the class members will be ascertained or even if it is possible. While class members need not be ascertained prior to certification, they must be ascertainable at some point in the case; and plaintiff must establish an objective way to determine who is a class member. *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 557 (C.D. Cal 2012).

Importantly, the record and briefs are devoid of any suggestion that Defendants used a specific list or database when sending out the fax. Further, Plaintiff has not made any argument or provided any documentation to support a finding that Defendants are in possession of evidence which could establish who the fax was sent to. The absence of available information regarding a database or list renders this case readily distinguishable from cases that certified a class despite a plaintiff's inability to identify fax recipients. For example, in *G.M. Sign, Inc. v. Group C Communications, Inc.*, 2010 WL 744262 (N.D.Ill. 2010), the record before the court included the identity of a third party supplier who provided lists which were then used by the defendant to send the offending faxes.

Without any information sufficient to identify the recipients of the fax, this case is more closely analogous to *Saf-T-Gard Intern., Inc. v. Wagener Equities, Inc.*, 251 F.R.D. 312 (N.D.Ill.

2008). In that case, there appeared to be no list of numbers from which the parties or the court could reasonably assume that class members could be ascertained. Further, it was unclear whether the defendants had any records that may have revealed the intended recipients of the offending fax. Here, too, there appears to be no list of numbers from which the parties or the court could ascertain who the fax was sent to and the record does not establish whether any such list even exists. Therefore, this court cannot find that there is an objective, reasonable way of identifying potential class members. Because of this, class certification is inappropriate. See *Saf-T-Gard Intern. Inc.*, 251 F.R.D. at 315; *Levitt v. Fax.com.*, 2007 WL 3169078 (D.Md. 2007).

Having concluded that Plaintiff's estimate of group membership is speculative and not properly supported, and that neither Plaintiff nor the record establish that there is an objective, reasonable way to ascertain potential class members, this court concludes that Plaintiff has not met the numerosity requirement of Rule 23(a)(1). Accordingly, Plaintiff's Motion to Certify Class (#3) is DENIED.

IT IS THEREFORE ORDERED THAT:

Plaintiff's Motion to Certify Class (#3) is Denied.

ENTERED this 28th day of May, 2014

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE