UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **DR. MARK W. STURDY d/b/a** ) | |
| **ROCHESTER VETERINARY CLINIC** ) | |
| **on behalf of itself and a class,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 13-CV-3350** |
| ) | |
| **MEDTRAK EDUCATIONAL SERVICES** ) | |
| **LLC, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

On October 8, 2013, Plaintiff, Dr. Mark W. Sturdy, filed his Complaint (#1) against Defendants, Medtrak Educational Services LLC (Medtrak); Zoetis LLC; Zoetis Inc., f/k/a Pfizer Animal Health; Zoetis Products (collectively, the Zoeits Defendants); and John Does 1-10.  On November 27, 2013, the Zoeits Defendants filed a Motion to Dismiss Class Action Complaint with Prejudice (#23).  On December 3, 2013, Defendant Medtrak filed a Motion to Dismiss for Failure to State a Claim (#24).  Plaintiff filed his Response (#27) to Defendants' motions on January 6, 2014.  After a careful review of the arguments and documents submitted by the parties, this court concludes that Defendants' Motions (#23, #24) should be GRANTED in part and DENIED in part.

### BACKGROUND

On April 7, 2011, Plaintiff received an unsolicited fax message from Medtrak that advertised products sold by the Zoetis Defendants.  Plaintiff alleges that the fax was part of an advertising campaign, and therefore, it is reasonable to infer that the fax was sent to more than 20-40 people.

After receiving the unsolicited fax advertisement, Plaintiff filed a Complaint (#1) on behalf of himself and a putative class. The complaint contained five counts: Count I, a claim under the Telephone Consumer Protection Act (TCPA), 42 U.S.C. § 227; Count II, a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/2; and Counts III-V, Illinois common law claims for conversion, private nuisance, and trespass to chattels. On May 28, 2014, this court issued an Opinion (#30) denying class certification to Plaintiff.

INSTANT MOTIONS

On November 27, 2013, the Zoeits Defendants filed a Motion to Dismiss Class Action Complaint with Prejudice (#23). Defendant Medtrak filed a Motion to Dismiss for Failure to State a Claim (#24) on December 3, 2013. Medtrak's motion incorporated by reference the arguments advanced in the Zoetis Defendants' motion. Plaintiff filed his Response (#27) on January 6, 2014. The motions are fully briefed and ready to be ruled on.

ANALYSIS

I. Legal Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) serves to test the sufficiency of the complaint, not to decide the merits of the case. See *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must: (1) be detailed enough to "give the defendant 'fair notice of what the claim is and the

2

grounds upon which it rests[;]'" and (2) "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pled factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. The court is generally limited to the allegations in the complaint, but it is well-settled that the court "may consider documents attached to or referenced in the pleadings if they are central to the claim," *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012), such as the fax message attached here. See Exhibit A (#1-1).

## II. Discussion

### A. Improper Pleading Format

Defendants first contend that Plaintiff's complaint must be dismissed because it improperly separates a single claim for relief into multiple counts. In support, Defendants cite *Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976 (N.D. Ill. 2006), which criticized the plaintiff for "the mistaken practice of carving up a single claim (which is the relevant concept in federal pleading) by setting out different theories of recovery in different counts." *Id.* at 977 (citing *N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 291-93 (7th Cir. 1992)). However, this court finds that neither *Rossario's* nor *N.A.A.C.P.* supports Defendants' contention that Plaintiff's complaint should be dismissed simply because Plaintiff neatly identifies the legal bases on which he hopes to recover.

Importantly, *Rossario's* merely noted that the practice of dividing a single federal claim into multiple parts was unnecessary under the federal notice-pleading system and then continued on to consider the merits of the plaintiff's claims. *Id.* at 978 n.2. Likewise, *N.A.A.C.P.*, which considered the meaning of the term "claim" in Rule 54(b), reasoned, "[i]dentifying legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of 'claim for relief' in the federal rules." *N.A.A.C.P.*, 978 F.2d at 292. *Rossario's* and *N.A.A.C.P.* are consistent with the unremarkable proposition that, in federal court, "a complaint need not plead legal theories, which can be learned during discovery." *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). If anything, here, Plaintiff helped Defendants by identifying the legal theories underlying his claim for relief, rather than making Defendants wait until discovery. After a review of the arguments and case law, this court concludes that dismissal based on an improper pleading format is unwarranted.

### B. Count I: TCPA

The Zoetis Defendants next argue that Plaintiff has failed to plead the necessary elements of Count I in his complaint. Count I alleges that Defendants violated the TCPA's prohibition on unsolicited fax advertisements, which makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless" certain requirements are met. 47 U.S.C. § 227(b)(1)(C). The Zoetis Defendants maintain that the TCPA claim against them fails because Plaintiff has alleged that Medtrak, not the Zoetis Defendants, was responsible for sending the fax at issue.

Importantly, the regulations implementing the TCPA provide that a "sender" "means the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or

4

services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10). Therefore, the Zoetis Defendants are subject to liability under the TCPA if the unsolicited fax advertisement was sent on their behalf or if the fax advertised or promoted their goods or services. *See Addison Automatics, Inc. v. RTC Grp., Inc.*, No. 12 C 9869, 2013 WL 3771423, at *4 (N.D. Ill. July 16, 2013). Here, Plaintiff alleges that the unsolicited fax advertised seminars funded by the Zoetis Defendants, under their former name Pfizer Animal Health. This is sufficient to state a claim against the Zoetis Defendants under § 227(b)(1)(C). Defendant Medtrak has not challenged this count. Therefore, this court finds that Count I should not be dismissed.

### C. State Law Claims

Plaintiff brings a claim under the ICFA, as well as Illinois common law claims for conversion, private nuisance, and trespass to chattels. Defendants contend that Plaintiff's allegations do not meet the elements required for these claims and that, even if they did, the harm to Plaintiff of a single unsolicited fax advertisement is so minimal that the doctrine of *de minimis non curat lex* bars recovery on Plaintiff's state claims.

**1. Count II: ICFA**

Defendants argue that Plaintiff's ICFA claim should be dismissed because the alleged conduct does not rise to the requisite level of unfairness. To state a cause of action under the ICFA for unfair practice, a plaintiff must allege: (1) a deceptive act or unfair practice by the defendant; (2) defendant's intent that the plaintiff rely on the unfair practice; and (3) that the unfair practice occurred in the course of conduct involving commerce. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 501 (1996). To determine whether a defendant's conduct constitutes an

5

unfair practice within the meaning of the ICFA, Illinois courts ask whether the following factors are present: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417-18 (2002).

Here, the first factor in *Robinson*, whether the practice offends public policy, has clearly been met. Plaintiff's complaint alleges that Defendants sent an unsolicited fax. At this stage, we must take that fact as true. See *AnchorBank*, 649 F.3d at 614. The sending of an unsolicited fax is a violation of both federal and Illinois law. See 47 U.S.C. § 227; 720 ILCS 5/26-3 (West 2011). As such, sending an unsolicited fax is against public policy.

The second factor focuses on whether Defendant's conduct was immoral, unethical, oppressive, or unscrupulous. A practice may be considered immoral, unethical, oppressive, or unscrupulous if it imposes a lack of meaningful choice or an unreasonable burden on the consumer. *Stonecrafters, Inc. v. Foxfire Printing and Packaging, Inc.*, 633 F.Supp.2d 610, 616 (N.D. Ill. 2009). Courts have been divided on whether an unsolicited fax meets the requirements of the second *Robinson* factor. See *Centerline Equipment Corp. v. Banner Personnel Service, Inc.*, 545 F.Supp.2d 768 (N.D. Ill. 2008); *Stonecrafters*, 633 F.Supp.2d 610. While it is true that sending an unsolicited fax deprives the recipient of the choice of receiving the fax because the only alternative is for the recipient to turn off his fax machine, this court agrees with courts that have found that the burden imposed by the transmission of a one page fax is not unreasonable. See *G.M. Sign, Inc. v. Elm Street Chiropractic, Ltd.*, 871 F.Supp.2d 763, 769-70 (N.D. Ill. 2012); *Stonecrafters*, 633 F.Supp.2d at 616 ("[t]he improper use of one piece of paper, a small amount of toner, and a few seconds of an employee's time is not oppressive conduct, nor does it fit

within the definitions of any of the other terms"). Therefore, this court finds that Plaintiff's complaint does not establish that Defendants' conduct was immoral, unethical, oppressive, or unscrupulous.

The third factor has also caused some disagreement between courts with regard to the sending of a single, unsolicited fax. The third factor focuses on whether the defendant's conduct caused a substantial injury. "A practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has the potential to cause injury to a large number of consumers." *Stonecrafters*, 633 F.Supp.2d at 617. This court agrees with other courts that have found that the costs associated with the transmission and printing of a single fax advertisement cannot be said to cause significant harm. See *G.M. Sign, Inc.*, 871 F.Supp.2d at 770; *Stonecrafters*, 633 F.Supp.2d at 617. The court in *Stonecrafters* eloquently stated how a fax, even if sent to thousands of consumers, would result in minimal harm since the aggregate damage would be insignificant. *Stonecrafters*, 633 F.Supp.2d at 770-71. Therefore, this court concludes that the harm alleged by Plaintiff, even when taking his allegation that at least 40 consumers received the fax as true, does not constitute "substantial injury to consumers."

Having found that Plaintiff has only established one of the three *Robinson* factors, this court must determine if dismissal is appropriate. Importantly, not all of the *Robinson* factors need to be met in order for this court to find that Plaintiff has sufficiently alleged an unfair practice. *Robinson*, 201 Ill. 2d at 418. "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Robinson*, 201 Ill. 2d at 418 (quotation marks omitted). Here, of the three *Robinson* factors, only the public policy consideration is met. This court finds that the patent inapplicability of the other two factors

regarding Defendants' one-page fax advertisement heavily outweighs that one element in the evaluation called for by *Robinson*. See *Rossario's Fine Jewlery, Inc.*, 443 F.Supp.2d 976. Therefore, this court concludes that Plaintiff's ICFA claim failed to properly allege an unfair practice and must be dismissed.

**2. Counts III and V: Conversion and Trespass to Chattels**

Defendants next argue that Plaintiff's conversion and trespass to chattels claims should be dismissed. The elements of conversion under Illinois law are: "'(1) [the plaintiff] has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property.'" *Loman v. Freeman*, 229 Ill. 2d 104, 127, 890 N.E.2d 446, 461 (2008) (quoting *Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998)). The related, but more arcane tort of trespass to chattels "may be committed by intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." *Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1229 (N.D. Ill. 2005).

Defendants argue that even if sending an unsolicited fax advertisement can be said to constitute conversion or trespass to chattels of a single piece of paper and the toner used to print the fax, the doctrine of *de minimis non curat lex* bars these claims. The doctrine, recognized by Illinois common law, "'denote[s] types of harm, often but not always trivial, for which the courts do not think a legal remedy should be provided.'" *Mitchell v. JCG Indus., Inc.*, --- F.3d ----, No. 13-2115, 2014 WL 1027714, at *4, *8 (7th Cir. Mar. 18, 2014) (quoting *Hessel v. O'Hearn*, 977 F.2d 299, 304 (7th Cir. 1992)).

8

As the parties note in their briefs, Illinois federal district court decisions are split as to whether the doctrine of *de minimis non curat lex* bars conversion claims in junk fax cases like this one. Plaintiff, and the decisions that have refused to apply the doctrine, rely on two principles in support: (1) a plaintiff can recover nominal damages for conversion under Illinois law, and the availability of nominal damages precludes the application of the *de minimis* doctrine; and (2) although the named plaintiff's claim may be for mere pennies, the aggregate damages of the potential class are not *de minimis*. *See, e.g., Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d 768, 782 (N.D. Ill. 2008) ("An individual claim for the loss of one sheet of paper might well be [insignificant] but a class claim could be more substantial . . . Furthermore, the maxim may not apply at all, as Illinois courts have permitted conversion claims to be brought for only nominal damages."); *see also Brodsky v. HumanaDental Ins. Co.*, No. 10-C-3233, 2011 WL 529302, at *7 (N.D. Ill. Feb. 8, 2011) (adopting *Centerline* reasoning); *R. Rudnick & Co. v. G.F. Prot., Inc.*, No. 08 C 1856, 2009 WL 112380, at *3 (N.D. Ill. Jan. 15, 2009).

In this case, this court believes that neither of the two principles relied on in the cases cited by Plaintiff apply. First, this court has denied Plaintiff's request to certify a class. Therefore, there is no argument that the *de minimis* doctrine is inappropriate due to the aggregate damages of a class. Second, while Plaintiff may be able to recover nominal damages in Illinois, courts applying Illinois law have found that damages for a single sheet of paper and some toner present a classic situation for applying the *de minimis* doctrine. See *G.M. Sign, Inc. v. Elm Street Chiropractic, Ltd.*, 871 F.Supp. 2d 763, 768 (N.D. Ill. 2012) ("the ancient maxim *de minimis non curat lex* might well have been coined' for the occasion in which a conversion claim is brought

9

based solely on the loss of paper and toner consumed during the one-page unsolicited fax advertisement").

Therefore, this court agrees with the reasoning in those decisions that have applied the *de minimis* doctrine to bar conversion claims in junk fax cases. *See, e.g., Paldo Sign & Display Co. v. Topsail Sportswear, Inc.*, No. 08 C 5959, 2010 WL 276701, at *2-3 (N.D. Ill. Jan. 15, 2010); *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929, 934-35 (N.D. Ill. 2009) ("I respectfully conclude that given the inconsequential amount of paper and toner that was converted in this case, Plaintiff's conversion claim is barred by the *de minimis* doctrine."); *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 615 (N.D. Ill. 2009) ("Because plaintiff's claim for conversion of paper and toner was insufficient at its inception to merit a judgment, the *de minimis* doctrine applies in this case, and no amount of damages, nominal or otherwise, would be appropriate.").

This court also finds that the reasoning in cases applying the *de minimis* doctrine to conversion claims applies with equal force to trespass to chattel claims. See *Luis v. Smith Partners & Associates, Ltd.*, No. 12 C 2922, 2012 WL 5077726, at *6 (N.D. Ill. 2012) ("The difference between trespass to chattel and conversion is largely a matter of degree."); *Sotelo v. DirectRevenue, LLC*, 384 F.Supp. 2d 1219 (N.D. Ill. 2005). Therefore, based on the foregoing, this court finds that even if sending an unsolicited fax advertisement can be said to constitute conversion or trespass to chattels of a single piece of paper and the toner used to print the fax, the doctrine of *de minimis non curat lex* bars these claims. As such, Plaintiff's conversion and trespass to chattel claims are dismissed.

**3. Count IV: Private Nuisance**

Finally, Defendants argue that Plaintiff fails to state a claim for private nuisance because the single unsolicited fax advertisement did not constitute a substantial invasion of Plaintiff's property. "A private nuisance is a substantial invasion of another's interest in the use and enjoyment of his or her land. The invasion must be: substantial, either intentional or negligent, and unreasonable." *In re Chicago Flood Litig.*, 680 N.E.2d 265, 277 (Ill. 1997); *accord Dobbs v. Wiggins*, 929 N.E.2d 30, 38 (Ill. App. Ct. 2010). More specifically, a private nuisance is "something that is offensive, physically, to the senses and by such offensiveness makes life uncomfortable." *Chicago Flood*, 680 N.E.2d at 278 (internal quotation marks omitted).

This court agrees with Defendants that the single unsolicited fax advertisement at issue here was not a substantial invasion of Plaintiff's enjoyment of his property; an unwanted fax does not cause offense and discomfort in the way that Illinois courts have understood private nuisance. Plaintiff cites a number of cases that discuss the legislative history of the TCPA and explain that Congress considered junk faxes to be a "nuisance." *See, e.g.*, *Mims v. Arrow Fin. Servs., LLC*, --- U.S. ----, 132 S. Ct. 740, 745 (2012); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 (8th Cir. 2005). However, these cases refer to "nuisance" in the common meaning of the word and do not support Plaintiff's contention that a single unsolicited fax gives rise to a claim for private nuisance under Illinois common law.

Accordingly, Plaintiff's private nuisance claim is dismissed.

## D. Conclusion

This court has found that counts II-V of Plaintiff's Complaint (#1) should be dismissed. Further, this court believes the deficiencies in the pleading with regard to counts II-V cannot be cured by amendment. Therefore, the dismissal of each count is with prejudice. *Smith-Bey v.*

*Hospital Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988). This action will proceed on Plaintiff's TCPA (Count I) claim alone.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' motions for dismissal (#23, #24) are GRANTED in part and DENIED in part.

(2) Counts II-V of Plaintiff's Complaint (#1) are dismissed with prejudice.

ENTERED this 16th day of June, 2014

s/Colin S. Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE